# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RAYMOND ZARAGOZA, Inmate Booking No. 12586936,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>WALMART CORPORATION; ZACHARY STRAUS; ANDRES NAUGHTEN; PILAR LEAL; DOES 1-50,<br><br>　　　　　　　　　　　Defendants. | Civil No.　13-0054 GPC (NLS)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**[ECF No. 2]** |

Plaintiff, currently held in the George Bailey Detention Facility located in San Diego, California, and proceeding pro se, has filed a civil action. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

**I.　MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is

1  granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See*
2  *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176,
3  1177 (9th Cir. 1999). "Under the PLRA [Prison Litigation Reform Act], all prisoners who file
4  IFP civil actions must pay the full amount of the filing fee," regardless of whether the action is
5  ultimately dismissed for any reason. *See Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002)
6  (citing 28 U.S.C. § 1915(b)(1) & (2)).

7  In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also
8  submit a "certified copy of the trust fund account statement (or institutional equivalent) for the
9  prisoner for the 6-month period immediately preceding the filing of the complaint...." 28 U.S.C.
10 § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment
11 of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the
12 average monthly balance in the account for the past six months, whichever is greater, unless the
13 prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter,
14 the institution having custody of the prisoner must collect subsequent payments, assessed at 20%
15 of the preceding month's income, in any month in which the prisoner's account exceeds $10, and
16 forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C.
17 § 1915(b)(2).

18 While Plaintiff has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has
19 not attached a certified copy of his prison trust account statement for the 6-month period
20 immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL.
21 CIVLR 3.2. Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a civil action
22 ...without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement
23 (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the
24 complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

25 Without Plaintiff's trust account statement, the Court is simply unable to assess the
26 appropriate amount of the filing fee which is statutorily required to initiate the prosecution of
27 this action. *See* 28 U.S.C. § 1915(b)(1).

28 **II.   CONCLUSION AND ORDER**

For the reasons set forth above, **IT IS ORDERED** that:

(1)     Plaintiff's Motion to Proceed IFP [ECF No. 2] is DENIED and the action is DISMISSED without prejudice for failure to prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a).

(2)     Plaintiff is GRANTED an additional forty-five (45) days from the date of this Order to either:  (1) pay the entire $350 filing fee, **or** (2) file a new Motion to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this matter.  If Plaintiff neither pays the $350 filing fee in full nor sufficiently completes and files the attached Motion to Proceed IFP, *together with a certified copy of his trust account statement within 45 days*, this action shall remained closed without further Order of the Court.

DATED:  January 11, 2013

HON. GONZALO P. CURIEL
United States District Judge